Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Arasally Durfee,<br><br>        Plaintiff,<br>v.<br><br>J & H Asset Property Mgt., Inc.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arasally Durfee ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendants J & H Asset Property Mgt., Inc. ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the dwelling / housing accommodation ("Mobile Home Park") known as the Californian Mobile Home Park located at 1115 North Kirby Street in Hemet, California, which Defendant operates or otherwise controls.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendant manages and/or operates the Mobile Home Park.

## THE ACCOMODATION

4. The Mobile Home Park is a mobile-home park, which is and offers land for sale or lease for the construction or location thereon of buildings, structures, or portions thereof, which are intended for occupancy as a residence by one or more families.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Mobile Home Park is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is disabled / handicapped. Plaintiff suffers from a handicap / disability and/or medical condition(s) that is/are a disability/handicap.

9. Plaintiff suffers from, among other things, anxiety and depression, which limit Plaintiff's major life activities, some substantially.

10. Plaintiff utilizes an assistance animal to help Plaintiff cope with her disabilities.

11. Plaintiff resides at the Mobile Home Park.

12. Defendant manages the Mobile Home Park.

13. Plaintiff has resided at the Mobile Home Park for approximately six years without problems.

14. Unfortunately, starting in 2022, Defendant has begun harassing Plaintiff and her family because of the presence of Plaintiff's assistance animal at the property.

15. Plaintiff has done her best to explain to Defendant the disability-related need for her assistance animal.

16. Plaintiff has even provided Defendant medical documentation.

17. Moreover, documentation regarding Plaintiff's disability and need for assistance animal was available to Defendant in Plaintiff's tenant file at the Mobile Home Park.

18. However, it is clear that Defendant just wants Plaintiff's assistance animal to leave.

19. Defendant's ceaseless harassment is disturbing and upsetting to Plaintiff.

20. Specifically, Defendant has been issuing written notices to Plaintiff regarding her assistance animal.

21. Defendant has told Plaintiff in writing that she is in violation of park rules and regulations because of the presence of her assistance animal.

22. Defendant's aggressive notices threaten the termination of Plaintiff's tenancy, eviction, and the forced sale or removal of Plaintiff's mobile home from the Mobile Home Park.

23. Defendant is attempting to force Plaintiff to choose between keeping a roof over her head or keeping the assistance animal that she sincerely needs to help cope with her disability/handicap.

24. Having an assistance animal can greatly benefit individuals with anxiety and depression by providing emotional support and reducing their symptoms. Assistance animals can also help individuals feel safer, more secure, and more independent in their homes and communities. Someone with anxiety and depression having their assistance animal in their mobile home, helps to ensure that the individual can receive the emotional and psychological support they need in a place where they feel most comfortable. This can help to improve their overall quality of life and ability to function in daily life.

25. Plaintiff has been injured as result of Defendant's conduct, including, but

not limited to, emotional distress and frustration.

# FIRST CAUSE OF ACTION

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

All Defendants

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. The Mobile Home Park was and is a dwelling.

28. Plaintiff's animal was and is an assistance animal.

29. Plaintiff is handicapped.

30. Defendant rents and has sold and/or rented out land for the construction or location of buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

31. Defendant discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

32. Defendant discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

33. Moreover, Defendant's actions constitute harassment.

34. Lastly, Defendant failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

35. Further, Defendant made a statement that indicated a preference, limitation, or discrimination, with respect to a rental dwelling, on a disallowed basis.

36. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable

attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

All Defendants

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. The Mobile Home Park was and is a housing accommodation.

39. It is unlawful for Defendant to discriminate against Plaintiff because of Plaintiff's disability.

40. Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability.

41. Defendant harassed Plaintiff on the basis of her disabilities.

42. Defendant made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of her disabilities.

43. Defendant's policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

44. Moreover, Defendant's actions constitute harassment.

45. Defendant refused to provide a reasonable accommodation to Plaintiff.

46. Further, Defendant made a statement that indicates a preference, limitation, or discrimination, with respect to a rental of a housing accommodation, on a disallowed basis: specifically, disability.

47. Plaintiff has been injured as result of Defendant's conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

48. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such

relief the court deems appropriate.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

All Defendants

49. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

50. The Mobile Home Park is a business establishment.

51. Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability.

52. Defendant's acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

53. Plaintiff was harmed.

54. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

55. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

56. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

### PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with assistance animals in the leasing and/or sale

of the spaces at the Mobile Home Park, specifically enjoining the denial of housing accommodations to disabled persons with assistance animals without performing a good faith assessment of the reasonableness of modifying its policies, including those policies prohibiting dogs altogether or of certain breeds or sizes, to accommodate such disabled person, in addition to compelling Defendant to establish and follow, in good faith, a policy to conduct such assessment when evaluating the use of an assistance animal by a prospective or current tenant or resident who is disabled and uses an assistance animal, and/or other such injunctive relief as the deems appropriate, including such injunctive relief as it deems appropriate to prevent Defendant from engaging in or continuing to engage in an unlawful practice;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $75,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code § 52, California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: February 2, 2023

Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff